# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN VIENAI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00373-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 16)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Lin Vienai ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint on November 7, 2018, and granted him leave to amend. (ECF No. 13.) Plaintiff's first amended complaint, filed December 17, 2018, is currently before the Court for screening. (ECF No. 16.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants in their individual and official capacities: (1) Warden Stuart Sherman; (2) Facility Sergeant M. Martinez; (3) Facility Correctional Counselor II Appeals Coordinator J. Zamora: (4) Appeal Examiner D. Foston; (5) Office of Appeals Chief M. Voong; (6) Facility Captain/Associate Warden T. Klau; (7) Facility Captain A. Williams; (8) Lieutenant N. Scaife; and (9) Facility Lieutenant C. Livingston.

Plaintiff alleges that on February 21, 2017, he received a Rule Violation Report ("RVR") for which he was found guilty. Plaintiff's cellmate participated as a witness on Plaintiff's behalf pertaining to the reporting employee's narrative submitted by Defendant B. Cote, reviewed by Defendant M. Martinez and classified by Defendant A. Williams for possession of a cellular telephone.

Defendant C. Livingston conducted a hearing on the RVR and found Plaintiff guilty as charged. Plaintiff was assessed a credit-loss forfeiture of 90 days and loss of exercise/yard recreation privileges for 90 days. Plaintiff alleges that this violated his health and safety and CDCR regulations, causing him damages without giving merit and/or consideration to the statements/testimony of his cellmate. Plaintiff alleges that he was deprived of a meaningful disciplinary hearing because the hearing official demonstrated bias by refusing to interview an alibi

witness and by imposing disciplinary sanctions without waiting for the completion of an internal investigation, i.e., the appeal grievance.

Plaintiff appears to allege that his cellmate placed his safety and security at risk and admitted guilt as the owner of the contraband cellular telephone found inside an inmate manufactured pie on a lower shelf. Plaintiff's cellmate reportedly stated that the phone did not belong to Plaintiff and Plaintiff had no actual possession, physical custody or control of the phone, and no known knowledge of it or the right to control it and no physical contact with it.

Plaintiff appealed the RVR decision by submitting an inmate appeal grievance. The prison facility appeal coordinator stated that Plaintiff was interviewed on July 11, 2017 by Defendant N. Scaife at the second level. Plaintiff claims this interview never happened as claimed by Appeals Coordinator Defendant Zamora. Plaintiff alleges that investigation conducted by the appeals coordinators was to rubber stamp the RVR findings. Plaintiff asserts that Defendant Scaife, Zamora, Sherman, Foston and Young all participated in this dereliction of duty.

Plaintiff forwards claims for violation of his First, Fifth, Eighth and Fourteenth Amendment rights. As relief, Plaintiff seeks restoration of his lost credits and monetary damages.

**III.     Discussion**

As with his original complaint, Plaintiff's amended complaint fails to state a cognizable claim upon which relief may be granted.

**A.     Supervisory Liability**

Insofar as Plaintiff is attempting to hold Warden S. Sherman (or any other defendant) liable based solely on his supervisory position, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also

allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Here, Plaintiff's amended complaint fails to allege that Warden Sherman participated in, directed or knew of any purported violation of Plaintiff's constitutional rights. Plaintiff's complaint also fails to allege that Warden Sherman implemented a policy so deficient that it was a repudiation of Plaintiff's rights and the moving force of any constitutional violation. Plaintiff has failed to cure this deficiency.

**B.     First Amendment**

As with his original complaint, the nature of Plaintiff's First Amendment complaint is not entirely clear. Insofar as Plaintiff is attempting to assert a claim of retaliation in violation of the First Amendment, however, he fails to state a cognizable claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff's amended complaint fails to include any factual allegations indicating that he engaged in any protected conduct, such as filing a grievance or pursuing civil rights litigation, and that any defendant took an adverse action against Plaintiff because of that protected conduct. Plaintiff's amended complaint also fails to assert that any alleged adverse action chilled Plaintiff's exercise of his First Amendment rights.

**C.     Due Process – Fifth and Fourteenth Amendments**

Plaintiff is attempting to assert a due process claim under both the Fifth and Fourteenth Amendments. However, Plaintiff's purported due process claim against state officials is secured by the Fourteenth Amendment. Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the

several States."); Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1170 n. 4 (9th Cir.2007) (Fifth Amendment's Due Process Clause subjects the federal government to constitutional limitations that are equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment) (citations and quotations omitted). Accordingly, Plaintiff cannot state a cognizable Fifth Amendment claim.

To the extent Plaintiff is attempting to pursue a claim for violation of the Fourteenth Amendment related to his disciplinary proceedings, Plaintiff's complaint fails to state a cognizable claim. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, inmates do not have any due process right to be free from false disciplinary charges. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not...deprived of a protected liberty interest without due process of law."); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, any assertion by Plaintiff that the charges against him were false fails to state a cognizable claim.

To the extent Plaintiff is challenging the fairness of the disciplinary proceedings, he also fails to state a claim. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. If the five minimum Wolff requirements are met, due process has been

satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115. Here, Plaintiff's amended complaint fails to include any factual allegations to suggest that he was denied any of the Wolff procedural requirements. Plaintiff has been unable to cure this deficiency.

Plaintiff also claims a lack of evidence to support the guilty finding and resulting loss of good time credits. Due process in the revocation of good time credits is satisfied if the findings of the prison disciplinary board are supported by "some evidence" in the record. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). The "some evidence" standard is "minimally stringent" and "the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (quoting Hill, 472 U.S. at 455-56) (emphasis in original). Nevertheless, there "must be some indicia of reliability of the information that forms the basis for prison disciplinary actions." Id.

According to the exhibits and allegations in the amended complaint, Plaintiff was found guilty of constructive possession of the cellular telephone, "where a person has knowledge of an object and control of the object or the right to control the object, even if the person has no physical contact with it." (ECF No. 16 at 25.) As Plaintiff admits in his amended complaint, the cellular telephone was found in an inmate-manufactured pie on a lower shelf in the cell shared by Plaintiff and his cellmate. Both inmates had constructive access to the cellular telephone and could control it. Thus, the disciplinary hearing's findings were supported by "some evidence," and Plaintiff's allegations fail to state a due process claim. Plaintiff has been unable to cure this deficiency.

### D. Eighth Amendment

The Eighth Amendment to the United States Constitution imposes on the states an obligation to provide for the basic human needs of prison inmates. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." Id. at 825, 834, 114 S.Ct. 1970. To succeed on such an Eighth Amendment claim, a prisoner must show that (1) the

defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. Id. at 834, 114 S.Ct. 1970. While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones." Id. (citation omitted).

Plaintiff's amended complaint does not state an Eighth Amendment cruel and unusual punishment claim because he has not alleged that prison officials deprived him the minimal civilized measure of life's necessities. Plaintiff has been unable to cure the deficiencies in this claim.

**E.    Conspiracy**

Plaintiff appears to allege that defendants conspired to find him guilty of the RVR and affirm the disciplinary officer's decision. A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel_Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted) ), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir.1989) ). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Here, Plaintiff's amended complaint fails to include factual allegations demonstrating an agreement or meeting of the minds by all defendants to violate his constitutional rights. Plaintiff's mere disagreement with the guilty finding is not sufficient.

**F.    Appeals Process**

As Plaintiff was previously informed, he may not pursue any claims against prison staff relating to the processing or review of his administrative inmate grievances/appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)

### IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE